**Opinion issued January 31, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00736-CV

———————————

## IN THE INTEREST OF Z.L.W., A CHILD

———

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-04570J**

———

## MEMORANDUM OPINION

This is an appeal from the termination of the parental rights of a mother, K.E.W., with respect to her daughter, Z.L.W. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012). On appeal, the mother argues that the evidence is legally and factually insufficient to support the trial court's findings that she committed a predicate act required for termination and that termination was in her

daughter's best interests. The Department presented evidence that the mother used and sold illegal narcotics both during her pregnancy and after her daughter was removed from her custody. This evidence was sufficient to support a determination that the mother engaged in conduct which endangered the physical or emotional well-being of the child, *see id.* § 161.001(1)(E), and, along with other relevant considerations, that termination would be in the child's best interest. Accordingly, we affirm.

## Background

Appellant K.E.W. was in jail when she gave birth to her daughter, Z.L.W. The mother had been jailed on a conviction for delivery of cocaine, and she admitted she had committed the offense while pregnant. The mother also admitted she used cocaine during her pregnancy with her daughter—she admitted using cocaine as late as January 2011, and the child was born in July 2011. After Z.L.W. was born, the Department placed the infant in the same foster home as her older brother, to whom the mother had previously relinquished her parental rights. That same day, the Department filed a petition to terminate the mother's parent-child relationship with her daughter and requested that it be appointed temporary sole managing conservator. Two days later, the mother was released from jail.

Ten days after the filing of the termination action, the mother tested positive for cocaine. After a hearing, the court ordered that the mother comply with a

2

family plan of service in order to obtain the return of her child. The order also specifically required that she complete parenting classes, maintain stable housing and employment, and remain drug-free. Nevertheless, she tested positive for cocaine again eight months later, in May 2012.

When the case was tried before the court, the mother presented evidence that she had turned her life around after her release from jail. She disputed the evidence that she had used cocaine since that time, testifying that that the May result was a false positive. She voluntarily submitted to two additional drug tests, in June and August 2012, which resulted in negative results for drug use. She also presented evidence that she had complied with the other aspects of the court-ordered plan to obtain the return of her daughter. She had maintained stable employment and housing. The child's caseworker testified that the mother's home was appropriate and that she bonded with her daughter over the course of her supervised visits. The mother successfully completed the required counseling services and a psycho-social evaluation.

Even considering the mother's progress, the Department still contended that termination of parental rights was in the child's best interest. With respect to the drug tests, a representative of the company that analyzed the results testified that the amount of cocaine detected in the mother's hair follicle collected in May 2012 was indicative of using cocaine "two or three days in a row," and approximately

3

half the amount that would indicate "a chronic cocaine user." The witness also testified that the later tests arranged by the mother did not undermine the positive results obtained in May, because that test used a more sophisticated testing technique and reflected a different period of time than the later tests. The Department also presented the testimony of a caseworker stating that Z.L.W. had been with the foster parents almost her whole life and that she could remain with her older brother if the foster parents adopted her, which they intended to do.

The trial court found by clear and convincing evidence that the mother had engaged in conduct that endangered her daughter's physical or emotional well-being, *see* TEX. FAM. CODE ANN. § 161.001(1)(E), and that the mother failed to comply with a court order establishing the actions necessary for her to obtain the return of a child placed with Department, *see id.* § 161.001(1)(O). Additionally, the court found that termination was in the child's best interest, *see id.* § 161.001(2), that appointment of a parent as managing conservator would not be in her best interest, and that appointment of the Department as sole managing conservator would be in her best interest. The mother filed a motion for new trial challenging the legal and factual sufficiency of the evidence supporting the termination decree, which the trial court denied. The mother then filed this timely appeal.

4

## Analysis

In three issues, the mother challenges the legal and factual sufficiency of the evidence supporting the judgment terminating her parental rights with respect to Z.L.W. Protection of the best interest of the child is the primary focus of the termination proceeding in the trial court and our appellate review. *See In re A.V.*, 113 S.W.3d 355, 361 (Tex. 2003). A parent's right to the care, custody, and control of her child is a precious liberty interest protected under the Constitution. *See, e.g., Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 2060 (2000); *Santosky v. Kramer*, 455 U.S. 745, 758–59, 102 S. Ct. 1388, 1397 (1982). Accordingly, termination proceedings are strictly scrutinized on appeal. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Clear and convincing evidence must support the decision to terminate parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263–64 (Tex. 2002); *see also Santosky*, 455 U.S. at 747–48, 102 S. Ct. at 1391–92.

Evidence is legally sufficient if it is "such that a factfinder could reasonably form a firm belief or conviction about the truth of the matter on which the State bears the burden of proof." *J.F.C.*, 96 S.W.3d at 265–66; *see* TEX. FAM. CODE ANN. § 101.007 (West 2008). We review "the evidence in the light most favorable to the judgment," meaning that we "must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *J.F.C.*, 96 S.W.3d at 266. "If, after conducting its legal sufficiency review of the record

5

evidence, a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then that court must conclude that the evidence is legally insufficient." *Id.*

Under factual sufficiency review, we must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id.* We consider whether the disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. *Id.* "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

In proceedings to terminate the parent-child relationship, the Department must establish that one or more of the acts or omissions listed in Family Code section 161.001(1) occurred and that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001. Both elements must be established, and termination may not be based solely on the best interest of the child as determined by the trier of fact. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). "Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *A.V.*, 113 S.W.3d at 362. In this case, the trial court

based the termination of the mother's parental rights on the predicate grounds of endangerment, *see* TEX. FAM. CODE ANN. § 161.001(1)(E), and failure to comply with a court order, *see id.* § 161.001(1)(O).

## I.      Endangerment (§ 161.001(1)(E))

The mother challenges the trial court's findings that she endangered her daughter. The predicate condition of section 161.001(1)(E) is satisfied if the parent has "engaged in conduct . . . which endangers the physical or emotional well-being of the child." *Id.* § 161.001(1)(E). In this context, "endanger" means to expose to loss or injury or to jeopardize. *Boyd*, 727 S.W.2d at 533. The term means "more than a threat of metaphysical injury or the possible ill effects of a less-than-ideal family environment," but "it is not necessary that the conduct be directed at the child or that the child actually suffers injury." *Id.* The Department bears the burden of introducing evidence concerning the offense and establishing that the offense was part of a voluntary course of conduct that endangered the child's well-being. *In re E.N.C.*, 384 S.W.3d 796, 805 (Tex. 2012); *see also Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 616–17 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). To determine whether termination is justified, courts may look to parental conduct both before and after the child's birth. *J.O.A.*, 283 S.W.3d at 345. The conduct need not occur in the child's

presence, and it may occur "both before and after the child has been removed." *Walker*, 312 S.W.3d at 617.

"[A] parent's use of narcotics and its effect on his or her ability to parent may qualify as an endangering course of conduct." *J.O.A.*, 283 S.W.3d at 345. A mother's drug use during pregnancy may be considered endangering to the unborn child. *See Latham v. Dep't of Family & Protective Servs.*, 177 S.W.3d 341, 348 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Robinson v. Texas Dep't of Protective & Regulatory Servs.*, 89 S.W.3d 679, 687 n.9 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Moreover, illegal drug use also may support termination under section 161.001(1)(E) because "it exposes the child to the possibility that the parent may be impaired or imprisoned." *Walker*, 312 S.W.3d at 617.

The mother in this case relies on a recent decision of the Supreme Court of Texas, *In re E.N.C.*, 384 S.W.3d 796 (Tex. 2012), to argue that the fact she was incarcerated at the time her daughter was born "does not in and of itself constitute legally sufficient proof to support the endangerment finding." But we need not decide whether that fact alone was sufficient, because the record in this case reflects much more. The mother admitted using cocaine as late as January 2011, only six months before the birth of her child, at a time when she was pregnant. The drug test results presented at trial also showed that the mother used cocaine after the child was removed from her and at a time when she was subject to a court

8

order requiring her to remain drug-free as a condition for the return of the child. Using drugs under those circumstances subjected the mother to the general risk of incarceration and also, in the context of the ongoing termination proceeding, presented a specific risk that her parental rights would be terminated as a result. The evidence of all of this conduct supports a finding of endangerment in the relevant sense under section 161.001(1)(E). *See, e.g.*, *Latham*, 177 S.W.3d at 348 (drug use during pregnancy); *Walker*, 312 S.W.3d at 617 (noting drug use during pendency of parental termination proceedings as an endangering factor due to the effect on a parent's "life and ability to parent").

Although the mother denied using cocaine after the child's birth, the trial court, as factfinder, was the sole arbiter of the credibility of witnesses. *See In re H.R.M.*, 209 S.W.3d 105, 109 (Tex. 2006). In light of the evidence presented about the positive drug test conducted in May 2012, the court was not required to believe the mother's assertion that the test produced a false positive. Accordingly, we conclude that the evidence is both legally and factually sufficient for the trial court to have reasonably formed a firm belief that the mother engaged in conduct that endangered her child's well-being. We overrule the mother's issues relating to the legal and factual sufficiency of the evidence to support the trial court's finding under section 161.001(1)(E). Accordingly, we need not address the sufficiency of the evidence under section 161.001(1)(O), her second issue, because only one

9

finding under 161.001(1) is necessary to support a judgment of termination. *See* TEX. FAM. CODE ANN. § 161.001; *A.V.*, 113 S.W.3d at 362.

## II. Best interest of the child (§ 161.001(2))

The mother also challenges the legal and factual sufficiency of the evidence to support the trial court's finding that termination of the parent-child relationship was in the child's best interest. In determining whether termination of the mother's parental rights was in the child's best interest, we consider several nonexclusive factors, including (1) the child's desires, (2) the current and future physical and emotional needs of the child, (3) the current and future physical danger to the child, (4) the parental abilities of the person seeking custody, (5) whether programs are available to assist the person seeking custody in promoting the best interests of the child, (6) plans for the child by the person seeking custody, (7) stability of the home, (8) acts or omissions of the parent that may indicate that the parent-child relationship is improper, and (9) any excuse for acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). The Department is not required to prove all of these factors, and the absence of evidence about some factors does not preclude the factfinder from reasonably forming a strong conviction that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Evidence establishing one

of the predicate acts under section 161.001(1) may also be relevant to determining the best interest of the child. *See id.* at 27–28.

The Department presented clear and convincing evidence supporting termination under several of these *Holley* factors. Under the third *Holley* factor, the mother's pattern of continuing cocaine abuse and commission of criminal offenses supporting that habit was evidence that there was current and future danger to the child. *See J.O.A.*, 283 S.W.3d at 346–47; *Robinson*, 89 S.W.3d at 687. *Cf.* TEX. FAM. CODE ANN. § 263.307(b)(8) (West 2008) (establishing family "history of substance abuse" as a factor to be considered in determining the child's best interest). Additionally, the mother's illegal drug use during pregnancy is itself evidence of danger to the child. *Robinson*, 89 S.W.3d at 687 n.9 (citing *Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 84 (Tex. App.—Dallas 1995, no writ)). Under the fourth *Holley* factor considering parental abilities, the Department presented evidence that the mother had relinquished her rights to her older child because she had difficulties caring for the child due to her involvement in illegal drug activities. Although mitigated by her successful completion of parenting and counseling services, the mother's positive drug test was evidence that her difficulties caring for a child may continue because that illegal drug involvement continues. Under the ninth *Holley* factor we consider any excuses or explanations. The mother offered the explanation that her history of

11

criminal convictions was due to her drug addiction which she had overcome, but the positive test for a large amount of cocaine in her system suggested that, contrary to her assertions, she had not successfully overcome her addiction.

Other *Holley* factors weigh against the trial court's best interest finding or are neutral. The first and second *Holley* factors regarding the child's desires and needs are neutral because the child is an infant without expressed desires and there was no evidence of any special needs or vulnerabilities. Under the fifth factor concerning the programs available to assist the mother, there was evidence that the mother had successfully taken advantage of family services and a job program. Under the seventh factor regarding the stability of the home, there was evidence that the mother's home was satisfactory and appropriate, although, again, this is mitigated by the evidence showing a history of drug abuse and prostitution. *See* TEX. FAM. CODE ANN. § 263.307(b)(8). There was no evidence of any improper parent-child relationship beyond the mother's criminal history under the eighth *Holley* factor.

Finally, the Department offered evidence supporting termination under the sixth and seventh factors regarding the plans for the child by the agency and the stability of the proposed placement. The Department offered testimony that it planned to place the child with her older brother in a foster home. The mother admitted that the brother was doing well with the foster family, which had

12

provided him with a safe home. The child herself was doing well with the foster family and has been with them her entire life.

In light of these factors, we conclude that a reasonable factfinder could have formed a firm belief or conviction that termination of the mother's parental rights was in the child's best interest based on the evidence the Department presented. *See* TEX. FAM. CODE ANN. § 161.001(2); *J.F.C.*, 96 S.W.3d at 272 (holding reasonable factfinder can form firm conviction that termination in children's best interest in light of evidence weighing against termination when there is also evidence favoring termination). We overrule the mother's third issue.

## Conclusion

The Department presented evidence that the mother used and sold illegal narcotics both while pregnant and after the newborn child was taken into the Department's custody. This was legally and factually sufficient to support the trial court's conclusion that the mother endangered the child's well-being. This evidence was likewise sufficient to support the determination that termination of parental rights was in the child's best interest. Accordingly, we affirm the trial court's final decree of termination.


Michael Massengale
Justice

Panel consists of Justices Jennings, Bland, and Massengale.